UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

USA STUDIO APARTMENTS d/b/a REGENCY INN AND
ANTHONY LEE                                                                                              PLAINTIFFS

V.                                                                         CIVIL ACTION NO. 2:15CV100 DPJ-FKB

PHILLIPS AND ASSOCIATES, INC. AND
THE BURLINGTON INSURANCE CO.                                                              DEFENDANTS

ORDER

This insurance-coverage dispute is before the Court on motion [7] of Defendant Phillips and Associates, Inc., the claim adjustor, to dismiss Plaintiffs' claims against it because it is not a party to the insurance contract. Plaintiffs have not responded in opposition, and the time to do so has passed. The Court, having considered the record, along with Defendant's motion, finds that the motion to dismiss [7] should be granted.

I.      Facts and Procedural History

On May 14, 2015, USA Studio Apartments d/b/a Regency Inn ("Regency"), and its owner/agent Anthony Lee, filed this suit in the Circuit Court of Forrest County, Mississippi. Lee secured property insurance for Regency through Defendant Burlington Insurance Co. Compl. [1-2] ¶ 6. When the property sustained wind and lightening damage, Burlington dispatched Phillips and Associates to adjust the claim. *Id.* ¶ 11. According to the Complaint, "[Lee] was told that due to the preexisting condition of the property, the claim would be reduced to an amount less than his deductible, and so no funds were owed." *Id.* Plaintiffs aver that the property remains damaged and the delay in resolving their claim has resulted in worsening damage and lost income. *Id.* ¶ 13. They assert two causes of action:

*Breach of Contract*

14. The Defendants entered into a contract freely and openly to insure the property of Plaintiffs in consideration of the monies provided and paid by Plaintiffs. However, Defendants failed to perform their contract with the Plaintiffs or, in the alterative, made attempts to perform the contract in a manner so flawed and with significant harm resulting to the Plaintiffs such that the Defendants constructively failed to perform their contract with the Plaintiffs.

*Bad Faith*

15. The Defendants, having refused to pay the claim and with no evidence of pre-existing conditions or of such conditions being a part of the insurance binder, have done so in bad faith. Plaintiffs, as a separate tort from the breach of contract, have been refused payment of their insurance policy by Defendants accordingly in bad faith. The intentional wrong, insult, abuse, and/or gross negligence of the defendants in this refusal is evidence consisting of an independent and additional tort.

*Id.* ¶¶ 14, 15 (italics in original)

On July 23, 2015, Defendants removed the case to this Court based on diversity of citizenship, arguing that Phillips and Associates, a Mississippi corporation, is improperly joined.[1] To date, Plaintiffs have not moved to remand. Phillips and Associates now moves to dismiss all claims against it because it is not a party to the insurance contract which forms the basis of Plaintiffs' claims.

II. Motion to Dismiss

  A. Applicable Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

---

[1] Lee is a citizen of Mississippi; USA Studio Apartments is a Mississippi corporation; and Defendant Burlington Insurance is a North Carolina corporation.

F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

      B.     Phillips and Associates

While Plaintiffs generally refer to "the Defendants" in the two counts of their complaint, Plaintiffs do not allege that Phillips and Associates was a party to the insurance contract that was allegedly breached. *See* Compl. [1-2] ¶ 6 (noting insurance was purchased through Burlington).[2] "Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach." *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F.

---

[2] Phillips and Associates also directs the Court to the policy documents attached to the notice of removal. Policy [1-5]. Documents outside the pleadings may be considered under Rule 12(b)(6) if those documents are "referred to in the plaintiff's complaint and . . . central to her claim." *Causey v. Sewell Cadillac Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2004). The policy, which is clearly referenced in Plaintiffs' Complaint, is considered part of the pleadings. But the declaration page does not designate Burlington as the insurer, instead listing IFG Companies. Nevertheless, Phillips and Associates is not listed anywhere in the attached policy documents.

Supp. 2d 772, 776 (S.D. Miss. 2006) (citing *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740 41 (S.D. Miss.2005)); *see also Jenkins v. Farmington Cas. Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997) (noting that an agent who is not party to insurance contract is not liable for payment of contractual benefits).

Likewise, because Phillips and Associates only acted within its powers as an agent for a disclosed principal, it has no implied duty of good faith and fair dealing in connection with performance of the contract and is not liable for bad faith. *See Jabour*, 362 F. Supp. 2d at 741 ("Similarly, it is clear that [an agent], as a non-party to the contract ha[s] no implied duty of good-faith and fair-dealing with regard to the performance of the contract and thus, cannot be liable under a bad-faith theory of recovery."); *see also Rogers*, 433 F. Supp. 2d at 776 (same).

The Court is mindful that under Mississippi law, insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can "incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Bass v. Cal. Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss. 1991). But, Plaintiffs merely allege that "[a]n adjuster was dispatched from" Phillips and Associates. Compl. [1-2] ¶ 11. They have not articulated factual allegations that Phillips and Associates committed any act from which the Court could infer "gross negligence, malice, or reckless disregard of the rights of the insured." *Bass*, 581 So. 2d at 1090; *see also Iqbal*, 129 S. Ct. at 1949.

III. Conclusion

Because Phillips and Associates was not a party to the contract, it had no implied duty of good faith and fair dealing with regard to the performance of the contract and, as such, it cannot

4

be held liable under either a bad-faith or breach-of-contract theory of recovery.  IT IS THEREFORE ORDERED THAT Defendant's motion [7] is granted.  Plaintiffs' claims against Phillips and Associates are due to be dismissed.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2015.

                                      s/ *Daniel P. Jordan III*
                                      UNITED STATES DISTRICT JUDGE